**LMS Packing Slip**

---

# Package ID: 1644089

**Tracking Number:** 468315785062

**Package Recipient:** Tillie Lim Esq.

**Recipient Company:** Hitachi America, Ltd.

**Recipient Address:** 50 Prospect Avenue   Tarrytown NY 10591 USA

**Phone Number:** 9143332785

---

**Package Contents:**

| Transmittal Number | Case Number | Title of Action |
| --- | --- | --- |
| 8588490 | L-1666-11 | Donald Nowitzke vs. Hitachi Home Electronics (America), Inc. |

---



RECEIVED
MAR 3 0, 2011
HAL LEGAL

EXHIBIT A to NOTICE OF REMOVAL



CORPORATION SERVICE COMPANY'

## Notice of Service of Process

null / ALL
Transmittal Number: 8588490
Date Processed: 03/29/2011

| Primary Contact: | Tillie Lim Esq.<br>Hitachi America, Ltd.<br>50 Prospect Avenue<br>Tarrytown, NY 10591 |
|---|---|

| Entity: | Hitachi America, Ltd.<br>Entity ID Number  0530580 |
|---|---|
| Entity Served: | Hitachi America, Ltd. |
| Title of Action: | Donald Nowitzke vs. Hitachi Home Electronics (America), Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Middlesex County Superior Court, New Jersey |
| Case/Reference No: | L-1666-11 |
| Jurisdiction Served: | New Jersey |
| Date Served on CSC: | 03/29/2011 |
| Answer or Appearance Due: | 35 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | William J. Pinilis<br>973-401-1111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT A to NOTICE OF REMOVAL

PINILISHALPERN, LLP
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Attorney for Plaintiff
File No. 11354

---

DONALD NOWITZKE, on behalf of
himself and all others similarly situated,

Plaintiff,

vs.

C S C

HITACHI HOME ELECTRONICS
(AMERICA), INC.; HITACHI
AMERICA, LTD.; and HITACHI LTD.,

Defendants.

---

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
COUNTY OF MIDDLESEX
DOCKET NO. L-1666-11

*Civil Action*

SUMMONS

---

The State of New Jersey, to the Above Named Defendant:   HITACHI AMERICA, LTD.  C S C

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee of $135.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or motion when it is filed. You must also send a copy of your Answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Jennifer M. Perez, Acting Superior Court Clerk

Dated: March 18, 2011

Name of Defendant to be served:  HITACHI AMERICA, LTD..
Address for service:  c/o Prentice Hall Corp. System, 830 Bear Tavern Road, Trenton, NJ 08628

EXHIBIT A to NOTICE OF REMOVAL

DEPUTY CLERKS ADDRESSES

Altantic County, 1201 Bacharach Boulevard, Atlantic City, NJ  08330
Bergen County Justice Center, 10 Main Street, Hackensack, NJ  07601
Burlington County Courts Facility, 49 Rancocas Road., Mount Holly, NJ  08060
Camden County Hall of Justice, 101 S. 5th Street, Camden, NJ  08103-4001
Cape May County Courthouse, Main Street, Cape May Court House, NJ  08210
Cumberland County Court House, Broad & Fayette St., Bridgeton, NJ  08302
Essex County Courts Building, 50 W. Market Street, Newark, NJ  07102
Gloucester County Court House, 1 North Broad Street, Woodbury, NJ  08096
Hudson County Administration Building, 595 Newark Avenue, Jersey City, NJ  07306
Hunterdon County Court House, Main Street, Flemington, NJ  08822
Mercer County Court House, PO Box 8068, Trenton, NJ  08650-0068
Middlesex County Court House, 1 Kennedy Square, New Brunswick, NJ  08903
Monmouth County Court House, 71 Monument Park, Freehold, NJ  07728
Morris County Court House, PO Box 900, Morristown, NJ  07963-0900
Ocean County Court House, 118 Washington St., Toms River, NJ  08754
Passaic County Court House, 77 Hamilton Street, Paterson, NJ  07505-2017
Salem County Court House, 92 Market St., Salem, NJ  08079
Somerset County Court House, PO Box 3000, Somerville, NJ  08876-1262
Sussex County Court House, 43-47 High Street, Newton, NJ  07860
Union County Court House, 2 Broad Street, Elizabeth, NJ  07207
Warren County Court House, 2nd & Hardwick Street, Belvidere, NJ  07823

|  | LEGAL AID OFFICES | LEGAL SERVICES OFFICES |
| --- | --- | --- |
| Atlantic County | 609-348-4200 | 609-345-3444 |
| Bergen County | 201-487-2166 | 201-488-0044 or 692-1011 |
| Burlington County | 609-261-1088 | 609-261-4862 |
| Camden County | 609-964-1002 | 609-964-4520 |
| Cape May County | 609-465-3001 | 609-463-0313 |
| Cumberland County | 609-692-2400 | 609-692-6207 |
| Essex County | 973-622-1513 | 973-622-6207 |
| Gloucester County | 609-848-5360 | 609-848-4589 |
| Hudson County | 201-792-6363 | 201-798-2727 |
| Hunterdon County | 908-782-7979 | 908-735-2611 |
| Mercer County | 609-695-649 | 609-890-6200 |
| Middlesex County | 732-249-7600 | 732-828-0053 |
| Monmouth County | 732-747-7400 | 732-431-5544 |
| Morris County | 973-285-6911 | 973-267-5882 |
| Ocean County | 732-341-2727 | 732-240-3666 |
| Passaic County | 973-345-7171 | 973-278-9223 |
| Salem County | 609-451-0003 | 609-678-8363 |
| Somerset County | 908-231-0840 | 908-685-2323 |
| Sussex County | 201-383-7400 | 201-267-5882 |
| Union County | 908-527-4769 | 908-353-4715 |
| Warren County | 908-475-2010 | 908-267-5882 |

EXHIBIT A to NOTICE OF REMOVAL

P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                                   TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

                        DATE:    MARCH 04, 2011
                        RE:      NOWITZKE DONALD VS HITACHI HOME ELECTRONICS INC
                        DOCKET:  MID L -001666 11

      THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

      DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON FRANK M. CIUFFANI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (732) 519-3737 EXT 3737.

         IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
   CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
   WITH R.4:5A-2.
                        ATTENTION:
                              ATT: WILLIAM J. PINILIS
                              PINILIS HALPERN LLP
                              160 MORRIS STREET
                              MORRISTOWN       NJ 07960-4214

      JURPE

EXHIBIT A to NOTICE OF REMOVAL

PinilisHalpern, LLP
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Attorney for Plaintiff

(Additional counsel listed on signature page)

CIVIL RECORDS
N. J. SUPERIOR COURT
MIDDLESEX VICINAGE

2011 MAR -2   A 11: 07

FILED & RECEIVED

---

| | x | |
|---|---|---|
| DONALD NOWITZKE, on behalf of himself and all others similarly situated, | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, | : | |
| v. | : | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| HITACHI HOME ELECTRONICS (AMERICA), INC.; HITACHI AMERICA, LTD.; and HITACHI LTD., | : | Docket No.   L-1666-11 |
| Defendants. | : | Civil Action |
| | x | |

Donald Nowitzke, by his attorneys, makes the following allegations and claims for his

class action complaint against Hitachi Home Electronics (America), Inc., Hitachi America, Ltd.,

and Hitachi Ltd. (hereinafter collectively "Hitachi" or "Defendants"). The following allegations

are made upon information and belief, except as to allegations specifically pertaining to Plaintiff,

which are made upon knowledge.

### IDENTIFICATION OF PARTIES

1. Plaintiff, Donald Nowitzke ("Plaintiff"), is an individual residing at 12 Townsend

Court, Franklin Park, New Jersey.

2. Defendant, Hitachi Home Electronics (America), Inc., is a California corporation

with its principal place of business located at 900 Hitachi Way, Chula Vista, California.

3. Defendant, Hitachi America, Ltd., is a New York corporation, with its principal

EXHIBIT A to NOTICE OF REMOVAL

offices located at 2000 Sierra Point Parkway, Brisbane, California.

4.     Defendant, Hitachi Ltd. is a Japanese corporation, with its headquarters located at 6-6-1 Marunouchi, Chiyyoda-ku, Tokyo, Japan, and executive offices in New York and Washington DC.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all causes of action asserted herein. Defendants have significant contacts with Middlesex County as they advertise and sell their goods there. The damages claimed by Plaintiff individually do not exceed the sum of $74,999.00, exclusive of interest and costs.

6.     Venue is proper in the Law Division, Middlesex County, pursuant to R. 4:3-1(a)(4) and 4:3-2(a)(3). Defendants conduct substantial business in Middlesex County, including conduct directed at members of the Class in Middlesex County and throughout New Jersey, such as the promotion, sale, and marketing of Defendants' products, sufficient to render Defendants within the jurisdiction of this Court. A significant portion of the events and conduct giving rise to the violations of law in this action occurred in Middlesex County and Plaintiff purchased the television which forms the basis for this lawsuit there. The relief sought in this Complaint is principally and primarily legal relief, and any equitable relief sought is incidental to the legal relief sought.

## PRELIMINARY STATEMENT

7.     This class action is brought by Plaintiff seeking damages and incidental equitable relief on his own behalf and on behalf of all other similarly consumers who purchased Hitachi LCD Rear Projection Televisions (the "Televisions") in the State of New Jersey (the "Class"). Plaintiff alleges that the Televisions possess a characteristic and inherent defect in a component

2

EXHIBIT A to NOTICE OF REMOVAL

known as the Optical Block (the "Defect"). The Defect causes a video anomaly that causes the Televisions to display colored haze, spots and streaks which cover the programming on the television screen. Plaintiff alleges that Defendants knew or should have known of the Defect at the time Defendants placed the Televisions into the stream of commerce in this jurisdiction. Defendants have compounded their improper sale of the defective Televisions — in which Defendants failed to disclose this known defect — by acting in contravention of applicable warranty laws and refusing to honor its obligation to repair the Defect without cost to members of the Class.

8.      As such, Defendants have perpetuated a consumer fraud upon unsuspecting citizens of New Jersey who purchased the Televisions by misrepresenting the character and quality of the Televisions, and in failing to disclose the known Defect which would render the Televisions worthless and/or require expensive repairs. Defendants marketed these Televisions as high-end videophile devices, with a high definition picture far superior to that provided by a standard television. These claims were untrue, in light of the Defect. By making these untrue claims, and by failing to disclose the Defect or the need to repair it, Defendants were able to command suggested retail prices for these units of approximately $3,000.00, or more. In fact, however, the Defect contained in the Televisions, and the visual anomalies that it causes to appear on the screen, severely impair the Televisions' value to consumers.

## PARTIES

9.      Plaintiff, Donald Nowitzke, is a citizen of New Jersey. Mr. Nowitzke purchased and used a Hitachi LCD Rear Projection Television, model 50VX915, which was knowingly designed, manufactured, marketed, distributed and sold by Defendants for use in his home. The Defect manifested itself on Mr. Nowitzke's television and resulted in the loss of the benefit of

3

the bargain between Plaintiff and Hitachi, as the Defect rendered Plaintiff's television unusable. Although Plaintiff demanded a warranty repair from Hitachi, and gave notice of the Defect to Defendants, Defendants refused to repair the Defect and honor their warranty. Instead, Defendants told Plaintiff that his television was out of warranty, and that he would have to pay for its repair. At no time was Plaintiff told by Defendants that his television was experiencing a known defect, which was inherent to all of the Televisions.

10.     Defendant, Hitachi Home Electronics (America), Inc. ("HHE") is a California corporation with its principal place of business located at 900 Hitachi Way, Chula Vista, California. HHE imports, distributes and/or markets the Televisions, and purposefully caused them to be placed into the stream of commerce within this County and State.

11.     Defendant, Hitachi America, Ltd. ("HAL"), is a New York corporation, with its principal offices located at 2000 Sierra Point Parkway, Brisbane, California. HAL imports, distributes, and/or markets the Televisions containing the Defect, and caused the Televisions to be placed into the stream of commerce in this County and State.

12.     Defendant, Hitachi Ltd. ("HL") is a Japanese corporation, with its headquarters located at 6-6-1 Marunouchi, Chiyyoda-ku, Tokyo, Japan, and executive offices in New York and Washington DC. HL designed, manufactured, and marketed the Televisions containing the Defect, and purposefully caused them to be placed into the stream of commerce within this County and State.

## STATEMENT OF FACTS

13.     High Definition Television ("HDTV") refers to a method of portraying television images in high resolution, with a high degree of picture detail and accuracy. As such, HDTV televisions command prices several times higher than those for common standard definition

4

EXHIBIT A to NOTICE OF REMOVAL

television sets.  Consumers purchasing HDTV televisions therefore pay, and have historically paid, a significant premium for the ability to enjoy the high quality picture such television sets offer.

14.     Defendants marketed the Televisions as high end consumer electronic devices purportedly offering superior picture quality, and capable of taking full advantage of HDTV programming and reproducing video programs with a clear picture and accurate color reproduction.  What Defendants misrepresented, omitted to disclose and concealed from the general public, however, was the fact that Defendants knew that the Televisions would exhibit the anomalies on the Television screen due to the Defect contained in the Optical Block.  These omissions of material fact have allowed Hitachi to command premium prices for these Televisions, as much as $3,000.00 or more, as well as to successfully market the Televisions as suitable for the most discerning videophiles seeking accurate color reproduction at the highest resolutions and fidelity possible.

15.     Unfortunately, rather than displaying the excellent video playback consumers paid so dearly for, the Televisions instead display colored haze, spots and streaks which cover the programming on the television screen.  These video artifacts obscure the picture, distort the color, and diminish the detail of the image, rendering the Televisions entirely unusable for the purposes for which they were intended by consumers, thereby breaching the implied warranty of fitness for a particular purpose.  Based upon the express and implied warranties, false representations, and omissions and/or concealment of material facts by Defendants, Plaintiff and the Class members purchased the Televisions containing the Defect for personal use, and have suffered damages as a result.

EXHIBIT A to NOTICE OF REMOVAL

16.     The colored haze, spots, and streaks are caused by a condition in the Televisions' Optical Blocks which projects the unwanted video and color anomalies on the screen. The Optical Block is the video component that causes the video signal to be displayed as a picture on the viewing screen.

17.     Specifically, the Optical Blocks (or, sometimes referred to as "Optical Engines") within the Televisions suffer from a design defect which fails to mitigate the excess heat, ultra-violet and infra-red radiation which are produced in the normal course of using the Televisions, which damages the sensitive optical and electronic components inside the device. To have a bright vivid picture, a high output light source capable of transmitting light throughout the entire visible spectrum is required to project the image onto the screen. Defendants used lamps for this purpose. However, the lamps utilized by Defendants in the Televisions produce large amounts of heat and transmit light not only in the visible spectrum, but also in the invisible spectrums - ultraviolet and infrared - which run up against the visible blue and red spectrums of light. Heat, ultraviolet and infrared light all transmit heat to the components in their path. Also, ultraviolet light works to destroy components because UV photons break or rearrange bonds in many materials. Here, Defendants' Optical Blocks utterly failed to mitigate these destructive forces and contained components unable to resist them thus causing the Televisions to fail and to experience the Defect.

18.     The Optical Blocks in the Televisions are all unable to properly mitigate the effects of the excess heat, excess ultraviolet light, and excess infrared light which is produced by the ultra-high output incandescent light source utilized in all of these devices. Lacking a design which can properly mitigate this heat and wide spectrum light, or Optical Block components designed to withstand these destructive forces, the delicate Optical Block components -

6

EXHIBIT A to NOTICE OF REMOVAL

particularly the LCD Panels and simple polymer polarizers - immediately begin to deteriorate from the first time the Televisions are used, until the damage accumulates to the point where the Televisions malfunction well prior to their reasonable and expected lifetime.

19.     Defendants have made admissions regarding the foregoing problems in other litigation in filings Hitachi made with the United States District Court for the Southern District of California, *In Re Hitachi Television Optical Block Cases,* U.S.D.C Case No. 08 CV 1746 DMS (NLS) (the "Federal Admissions"). Included amongst Hitachi's Federal Admissions made in filings in that matter, is the fact that the optical components in the Optical Engine do in fact deteriorate as a matter of design, and that the Optical Engine is expected to wear out within the expected useful life of the Televisions, requiring this expensive component to be replaced.

20.     More specifically, Hitachi's Federal Admissions include concessions that because "the LCD panels and polarizers are extremely sensitive to heat":

- "The LCD panels and polarizers degrade with use – primarily as a result of exposure to heat and light energy generated by the lamp";

- "It is the optical engine equivalent of normal 'wear and tear.' When those parts are degraded too much – when they wear out – they must be replaced or the television discarded".

- "Any increase in heat will materially shorten the LCD panels' and polarizers' respective lives"; and

- "This degradation is normal and expected".

However, at no time did Defendants inform Plaintiff or members of the Class that such problems would occur within a short period of time after purchase and that Defendants considered such degradation as a result of the Defect to be "normal wear and tear," and require consumers to

7

EXHIBIT A to NOTICE OF REMOVAL

expend approximately $1,000.00 to replace the Optical Engine. Had consumers in fact been notified of these characteristics of the Televisions, they would either of have not purchased the Televisions in the first instance or paid a lesser amount for them.

21.    Hitachi's institutional awareness of the problems of heat and radiation in its Optical Engine design is demonstrated by disclosures made by Hitachi's engineers in connection with various patent applications it filed with the United States Patent Office. Such filings disclose the Defendants' knowledge as early as October 8, 1998, of these problems inherent in its Optical Engine design and countermeasures intended to protect against them. These patent applications, including US Patent 6,256,083 and US Patent 6,535,267, both disclose the destructive nature of the heat and radiation generated in an LCD rear projection televisions optical engine, and seek to avoid damage through various methods – none of which were actually implemented in the Televisions sold to the public in the United States. Similarly, prior to the sale of the Televisions, Hitachi had successfully designed a LCD rear projection television incorporating liquid cooling to protect against excess heat, but liquid cooling was not incorporated into the Televisions sold to consumers in the United States, which failed as a result.

22.    Despite Defendants' institutional knowledge and awareness of the Defect, and its Federal Admissions in judicial filings, Defendants' Customer Service personnel *continue* to deny to consumers complaining about the Defect that this characteristic and inherent Defect in the Optical Block even exists. Once a consumer's one-year written warranty has expired, Defendants disclaim any and all liability for the Defect, leaving the consumer to bear the cost of this expensive repair on his or her own, or purchase a new replacement television.

23.    Plaintiff and the members of the Class had no knowledge of the cause of the Defect and did not suspect, nor did they have reason to suspect, that the Defect was caused by

8

EXHIBIT A to NOTICE OF REMOVAL

Defendants' wrongdoing.  Plaintiff and the members of the Class could not have known or reasonably discovered, nor had reason to know of, the Defect created by Defendants.  Further, they could not have known or reasonably discovered that the Televisions they purchased were defective or that the cause of the harm suffered by Plaintiff and the members of the Class was directly attributable to the wrongdoing by Defendants alleged herein.

24.    Plaintiff's and the Class members' lack of knowledge regarding the cause of their damages were due in large part to Defendants' concealment of material facts regarding the Defect.  The fraudulent acts of concealment by Defendants included the intentional concealment and refusal to disclose facts known to Defendants about the Defect in the Televisions, which Plaintiff and the members of the Class could not reasonably have learned, known of, or otherwise discovered.  In fact, Plaintiff and the members of the Class did not know, nor could they have had reason to know, that Defendants' overall malfeasance in designing, manufacturing, distributing, marketing and selling of its Televisions was a cause of their damage.

25.    Defendants have not honored their warranty obligations under either their own written warranty or applicable warranty laws.  To date, despite persistent consumer demands, Defendants have been unable or unwilling to develop or offer to consumers any permanent fix for the Defect.  Instead, for consumers who experience the Defect while under warranty, Defendants have offered only to replace the Optical Blocks with identical units containing – but not yet manifesting -- the Defect; but have done nothing to correct the underlying cause of the Defect.  As a result, although the newly installed Optical Blocks serve as a temporary "Band-Aid" solution, the underlying Defect remains, and will cause the video and color anomalies to reappear anywhere from several months to two years after installation, depending upon usage.

EXHIBIT A to NOTICE OF REMOVAL

26.     Defendants have known about the Defect contained in the Televisions since almost immediately after their introduction to the market and likely even earlier. Despite this fact, Defendants have continued to misrepresent to consumers that the Televisions provide excellent video quality and have omitted to disclose to consumers the existence of the Defect in connection with the marketing and sale of the Televisions or thereafter. Instead, Defendants continued to design, manufacture, market, distribute, and sell the defective Televisions as if they were unaware of the Defect. However, at that time, Defendants knew that their Televisions would not be effectively tested for the Defect after they left Defendants' control and they knew that their express representations about the Televisions would be relied upon by end users and Defendants' distributors and retailers. No reasonable consumer would have purchased any of the Televisions had they known the truth concerning these material facts.

27.     Defendants, as the designers, manufacturers, marketers, distributors and sellers, warranted, either expressly or by implication, that the Televisions being sold to the general public were not inherently defective, and were reasonably suited for their intended purpose. Defendants breached the warranty by doing so, and Defendants made and/or allowed these misrepresentations to be made with the intent of inducing Plaintiff and the members of the Class to enter into agreements to purchase the Televisions. If Plaintiff and the members of the Class had known the true facts, they would not have purchased the Televisions, or paid as much as they did for the Televisions.

28.     In addition, Defendants' express warranty did not include a conspicuous statement about the Defect, or the fact that the Optical Engines contained in the Televisions were expected to degenerate and fail and require expensive replacement shortly after the end of the warranty period but well before the end of the expected useful life of the Televisions. As such,

10

EXHIBIT A to NOTICE OF REMOVAL

Defendants' limits on their express warranty are unenforceable as they knowingly sold a defective product without conspicuously informing consumers about the Defect making its express warranty unconscionable. As a result, Plaintiff and the members of the Class did not receive the goods expressly warranted by Defendants, namely, fully functioning televisions free from defect.

29. Defendants supplied written limited warranties to consumers, which they breached, and failed to honor. The time limitations contained in those limited warranties were also unconscionable and grossly inadequate to protect Plaintiff and the other members of the Class. Among other things, Plaintiff and the members of the Class had no meaningful choice in determining those time limitations; the terms of the limited warranties unreasonably favored Defendants over consumers; a gross disparity in bargaining power existed as between Defendants and Plaintiff and the members of the Class; and Defendants knew the Televisions were defective at the time of sale and would fail well before their expected useful lives had ended, thereby rendering the time limitations insufficient and inadequate.

30. Despite their knowledge of the Defect, at all relevant times, Defendants continued to misrepresent to consumers that the Televisions provide excellent video quality and omitted to disclose to consumers the existence of the Defect or cure the Defect at the design and/or manufacturing stage. Again, none of these consumers would have purchased the Televisions had they known of this material fact.

31. The Televisions were sold to distributors and consumers with the knowledge and intent that the Televisions be used for the benefit of consumers. Defendants and its distributors sold the defective Televisions to Plaintiff and the members of the Class in the course of their business.

11

EXHIBIT A to NOTICE OF REMOVAL

32.    The Televisions were not altered by Plaintiff, the members of the Class, Defendants' distributors or other personnel.  The Televisions were defective when they left the exclusive control of Defendants and Defendants knew the Televisions would be used without additional tests for defects.  The Televisions were defective and unfit for their intended purpose and Plaintiff and the members of the Class did not receive the goods as warranted.

33.    By engaging in the above described conduct Defendants committed acts and omissions with actual malice and accompanied by a wanton and willful disregard of persons, including Plaintiff and members of the Class, who foreseeably might by harmed by those acts and omissions.

34.    As a direct result of Defendants' actions set forth herein, Plaintiff and the consumers who comprise the class who have purchased the Televisions have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid thousands of dollars for a product that does not, cannot, and will not, work as represented and that is now worth substantially less than what consumers paid and what a non-defective Television would be worth.

35.    Not only has Hitachi not been forthright with the Class regarding the existence of the Defect or the expected degeneration of the Optical Engines, but also it has additionally failed to preserve, protect, and produce documents and other evidence which would be relevant to the facts herein, despite ongoing litigation.  For example, the Chief Engineer of Quality Assurance of the Hitachi plant which assembled the Televisions conceded in his deposition that he purposefully deleted electronic documents relating to problems with the Televisions despite knowing of their relevance to ongoing litigation, and then ran a computer program on the electronic media in an attempt to make forensic recovery of those documents more difficult.

12

EXHIBIT A to NOTICE OF REMOVAL

Following upon the presentation of evidence of Hitachi's discovery abuses, the Federal United States Magistrate Judge made a finding of spoliation on Defendants' part in the ongoing and above-referenced case of *In Re Hitachi Television Optical Block Cases*, U.S.D.C Case No. 08 CV 1746 DMS (NLS) (*see* Spoliation Order, attached as Exhibit "1").

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE
2011 MAR -2 A II: 07
FILED & RECEIVED

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of himself and all other members of a class consisting of consumers who purchased the Televisions within the State of New Jersey. Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including, without limitation, persons who are directors of Defendants.

37.     The Class is composed of no fewer than hundreds of New Jersey citizens and is sufficiently numerous for class treatment. The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

38.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse to the interests of other members of the Class.

39.     This dispute raises questions of law, under New Jersey law only, and facts that are common to all Class members. Those common questions predominate over questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

a.     Whether Defendants' representations, omissions, and conduct regarding the Televisions were misleading or false;

13

EXHIBIT A to NOTICE OF REMOVAL

b. Whether Defendants' representations and conduct were likely to deceive consumers into believing that the Televisions operated properly;

c. Whether Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and/or the Magnuson-Moss Consumer Warranty Act, 15 U.S.C. §2301 et seq.;

d. Whether Defendants engaged in deception in marketing the Televisions;

e. Whether Defendants undertook a course of conduct to hide the existence of the Defect from the members of the Class;

f. Whether the Defect constitutes a manufacturing or design defect;

g. Whether the Defect constitutes a breach of Defendants' warranties;

h. Whether the members of the Class have been injured by Defendants' conduct;

i. Whether the members of the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, the proper measure and appropriate formula to be applied in determining such damages and restitution;

j. Whether the members of the Class are entitled to injunctive relief; and

k. Whether the members of the Class have sustained damage as a result of Hitachi's spoliation of relevant evidence and, if so, the proper remedy for such spoliation.

40.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class action litigation.

41.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

14

EXHIBIT A to NOTICE OF REMOVAL

42.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  If a Class or general public action is not permitted, Class members will continue to suffer losses and Defendants' misconduct will continue without proper remedy.

43.    Defendants have acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

**Violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.)**
**(Misrepresentation, Knowing Omission, and Other Violations)**

44.    Each of the above allegations is incorporated herein.

45.    Defendants' aforementioned affirmative misrepresentations and knowing omissions of material facts, as well as their wrongful warranty practices, were directed at the citizens of the State of New Jersey.

46.    Moreover, Plaintiff and all members of the Class are citizens of New Jersey. Therefore, based upon the choice of law rules applied in New Jersey, the substantive law of New Jersey alone applies to the actions and omissions complained of herein, as New Jersey has a substantial interest in protecting its citizens from the wrongs complained of herein.

47.    In violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and particularly N.J.S.A. 56:8-2, Defendants used and employed unconscionable commercial

EXHIBIT A to NOTICE OF REMOVAL

practices, deception, fraud, misrepresentations, and/or the knowing concealment, suppression, and/or omission of material facts with the intent that others rely thereon, in their marketing, distribution, sale, advertisement, and responding to customer inquiries concerning the Televisions.

48.     These misrepresentations, omissions and unconscionable commercial practices include:

a.   Defendants misrepresented that the Televisions were free from defects, when in fact they contain a significant defect that renders the Televisions entirely unfit and unusable for their intended purpose;

b.   Defendants represented that the Televisions were capable of properly rendering a video program, and that they were able to do so with a high degree of precision, when in fact they are unable to do so due to the aforementioned visual anomalies, which the Defect causes to appear across the viewing screen and (increasingly, over time) interferes with the picture;

c.   Defendants represented in marketing materials and product manuals that the Televisions had characteristics that they did not have, as the Televisions were incapable of properly rendering video without the aforementioned visual anomalies obscuring the viewing screen;

d.   Defendants represented that the Televisions were of a particular standard, namely, that they would properly play HDTV and standard definition programming, when in fact they would not without the aforementioned visual anomalies obscuring the viewing screen;

16

EXHIBIT A to NOTICE OF REMOVAL

e. Defendants advertised the Televisions as providing high quality video playback with the intent not to sell the Televisions as advertised – indeed, Defendants continued selling the Televisions even after it became aware of the Defect;

f. Defendants represented that the Televisions were capable of high quality, color accurate, video display, when in fact they were not, due to the Defect;

g. To fraudulently conceal the existence of the Defect and delay legal action by consumers, Defendants represented that it could repair the Defect by replacing the Optical Block when the replacement components contained the identical Defect as the original parts; and

h. Despite Defendants' institutional knowledge of the Defect, and that it was substantially certain to appear (or reappear) after one year, Defendants continued to sell the Televisions with only a one year warranty, which Defendants knew would cause consumers to be liable for the expenses associated with the Defect.

49. The acts, practices, misrepresentations and omissions by Defendants described above constitute unconscionable, unlawful, fraudulent and deceptive commercial practices. Defendants knew that the Televisions contained a characteristic defect, but was determined to benefit economically and, nonetheless, distributed these defective products to unsuspecting consumers. Defendants' conduct presents a continuing threat to Plaintiff, Class members, and the general public in that Defendants has refused to publicly acknowledge the Defect, correct Defendants' wrongdoing, and provide compensation for the damages it has caused to consumers. As a result of this conduct, Plaintiff and the Class purchased the defective Televisions, which are now of greatly diminished value and in need of repairs at additional cost, and have suffered an ascertainable loss.

17

EXHIBIT A to NOTICE OF REMOVAL

## SECOND CAUSE OF ACTION

### Violation of the Magnuson-Moss Act (15 U.S.C. §2301 et seq.)

50. Each of the above allegations is incorporated herein.

51. Plaintiff and the Class are consumers as defined in 15 U.S.C. §2301(3).

52. Defendants are suppliers and warrantors as defined in 15 U.S.C. §2301 (4)(5).

53. The Televisions are consumer products as defined in 15 U.S.C. §2301.(6).

54. By reason of Defendants' breach of their implied warranties and express written warranties stating that the Televisions would operate properly, were free from material defects, and that Defendants would repair or replace any such defects, Defendants have violated the statutory rights of Plaintiff and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq., thereby damaging Plaintiff and the Class.

## THIRD CAUSE OF ACTION

### Breach of Express Warranty

55. Each of the above allegations is incorporated herein.

56. The defective Televisions are goods as defined by the New Jersey Uniform Commercial Code, N.J.S.A. 12A:1-101 et seq.

57. Defendants, as the designers, manufacturers, distributors and/or sellers expressly warranted that the Televisions being sold to the general public were not inherently defective.

58. Defendants' descriptions of the Televisions became part of the bases of the bargains between consumers and Defendants, creating express warranties that the product purchased by Plaintiff and the Class would conform to Defendants' representations.

18

EXHIBIT A to NOTICE OF REMOVAL

59.     Defendants' affirmations of fact and/or promises relating to the Televisions created express warranties that the products purchased by Plaintiff and the Class would operate properly and without defects, and would therefore portray video without extraneous artifacts that would impair the viewing of the video program.  Defendants breached the express warranty in that the Televisions did not conform to the promises or affirmations of fact made by Defendants to Plaintiff and members of the Class.

60.     Further, Defendants breached their agreement and express warranty by allowing misrepresentations to be made and/or omitting information concerning the true condition of the Televisions with the intent of making Plaintiff and the members of the Class enter into agreements to purchase the Televisions.  Defendants' express warranty did not include a conspicuous statement about the defective Optical Blocks and the unusual early failure of the Optical Blocks.

61.     If Plaintiff and the members of the Class had known the true facts, they would not have purchased the Televisions or paid as much as they did for the Televisions.

62.     Defendants' limits on their express warranty are unenforceable as Defendants knowingly sold a defective product without conspicuously informing consumers about the Defect, and, as such, the express warranty was unconscionable.  As a result, Plaintiff and the members of the Class did not receive the goods expressly warranted by Defendants.

63.     The time limits contained in Defendants' express warranty were also unconscionable and grossly inadequate to protect Plaintiff and the members of the Class. Among other things, Plaintiff and the members of the Class had no meaningful choice in determining those time limitations; the terms of the limited warranties unreasonably favored Defendants over members of the Class; a gross disparity in bargaining power existed as between

19

EXHIBIT A to NOTICE OF REMOVAL

Defendants and Class members; and Defendants knew or should have known that the Televisions were defective at the time of sale and would fail well before their useful lives, thereby rendering the time limitations insufficient, inadequate, and unconscionable.

64.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty

65.     Each of the above allegations is incorporated herein.

66.     Defendants' affirmations of fact and/or promises relating to the Televisions created implied warranties that the products purchased by Plaintiff and the Class would operate properly and without defects, and would therefore portray video without extraneous artifacts that would impair the viewing of the video program.

67.     Alternatively, Defendants' descriptions of the Televisions became part of the bases of the bargains between consumers and Defendants, creating implied warranties that the product purchased by Plaintiff and the Class would conform to Defendants' representations.

68.     In fact, the product purchased by Plaintiff and the Class did not so conform.

69.     Defendants also breached the warranty of merchantability implied in that the goods could not pass without objection in the trade, the goods were not of fair average quality within the description and/or were unfit for their intended and ordinary purpose in that they were defective.  Defendants cannot disclaim this implied warranty as it knowingly sold a defective product.

70.     Defendants also breached the implied warranty of fitness for a particular purpose. Based upon Plaintiff's and the Class members' skill and judgment and implied warranties of

20

EXHIBIT A to NOTICE OF REMOVAL

fitness for a particular purpose, Plaintiff and Class members unknowingly purchased defective Televisions.

71.     The Televisions were defective when they left the exclusive control of Defendants.  Defendants knew that the Televisions would be used without additional tests for defects.  The Televisions were defective and unfit for their intended purpose and Plaintiff and the members of the Class did not receive the goods as warranted.

72.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

## FIFTH CAUSE OF ACTION

### Breach of Contract

73.     Each of the above allegations is incorporated herein.

74.     Defendants breached their contract with Plaintiff and the members of the Class and by not performing according to its obligations under the applicable law and the contract.

75.     At all times pertinent hereto, Plaintiff and the members of the Class fully performed and satisfied their obligations under these contracts and agreements.

76.     Defendants breached their contract with Plaintiff and the members of the Class by violating the implied covenant of good faith and fair dealing inherent in such contracts and agreements.

77.     By virtue thereof, as a direct and proximate cause of Defendants' breach of contract, Plaintiff and the members of the Class have suffered damages.

## SIXTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

78.     Each of the above allegations is incorporated herein.

EXHIBIT A to NOTICE OF REMOVAL

79.     Plaintiff and the members of the Class entered into agreements to purchase Televisions from Defendants.

80.     Those agreements were subject to the implied covenants that Defendants would conduct its business with Plaintiff and the members of the Class in good faith and would deal fairly with Plaintiff and the members of the Class.

81.     Defendants breached those implied covenants by, in bad faith, selling Plaintiff and Class members Televisions that were inherently defective, with knowledge that the contract and/or warranties were unconscionable and by abusing its discretion in its performance of the contract by intentionally subjecting Plaintiff and the members of the Class to a risk, to wit, the Defect, beyond one that Plaintiff and the members of the Class would have contemplated at the time of purchasing the Televisions.

82.     Defendants breached those implied covenants by not providing terms in the contract and/or warranty that conspicuously stated to Plaintiff and Class members that the Televisions were defective and would not be able to display a picture free from extraneous artifacts.

83.     As a direct and proximate result of Defendant's breach of those implied covenants to Plaintiff and Class members, Plaintiff and Class members have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

i.      Declaring that this action is properly maintainable as a class action and certifying Plaintiff as the Class representative;

ii.     Awarding damages to Plaintiff and the Class for Defendants' breach of warranty;

22

EXHIBIT A to NOTICE OF REMOVAL

iii.     Awarding restitution and disgorgement as a result of Defendants' unjust enrichment;

iv.     Awarding Plaintiff and the Class compensatory damages, treble damages and attorneys' fees for Defendants' consumer fraud, pursuant to N.J.S.A. 56:8-19;

v.     Requiring Defendants to inform the public of the Defect possessed by its Televisions and enjoining Defendants from refusing to perform its warranty obligations;

vi.     Awarding pre- and post-judgment interest;

vii.     Awarding attorneys' fees, expenses, and costs; and

viii.     Awarding such other and further relief as this Court may deem equitable and just.

EXHIBIT A to NOTICE OF REMOVAL

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: March ___, 2011

PINILISHALPERN, LLP

By: William J. Pinilis
160 Morris Street
Morristown, NJ 07960
Telephone: (973) 401-1111
Facsimile: (973) 401-1114

MILBERG LLP
Sanford P. Dumain
Peter Safirstein
Jennifer S. Czeisler
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

LAX LLP
Robert I. Lax
380 Lexington Avenue, Suite 3100
New York, NY 10168
Telephone: (212) 818-9150
Facsimile: (212) 208-4309

LANGE & KONCIUS, LLP
Joseph J.M. Lange
Jeffrey A. Koncius
222 North Sepulveda Blvd., Suite 2000
El Segundo, CA 90245
Telephone: (310) 414-1880
Facsimile: (310) 414-1882

*Attorneys for Plaintiff*

24

EXHIBIT A to NOTICE OF REMOVAL

**CERTIFICATION PURSUANT TO R. 4:5-1(b)**

Plaintiff, by his attorneys, hereby certifies that the matter in controversy is also the

subject of the following action: *Lingle, et al. v. Hitachi Home Electronics (America), Inc., et al.*,

Civil Action No. 08cv1746 DMS NLS.  This case is pending in the United States District Court

for the Southern District of California and seeks a nationwide class.

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2011 MAR -2  A 11: 07

FILED & RECEIVED

Dated: March ___, 2011

PINILISHALPERN, LLP

By: William J. Pinilis
160 Morris Street
Morristown, NJ  07960
Telephone: (973) 401-1111
Facsimile: (973) 401-1114

25

EXHIBIT A to NOTICE OF REMOVAL



RECEIVED

MAR 3 0 2011

HAL LEGAL

PLEASE FOLD THIS SHIPPING DOCUMENT IN HALF AND PLACE IT IN A WAYBILL POUCH AFFIXED TO YOUR SHIPMENT SO THAT THE BARCODE PORTION OF THE LABEL CAN BE READ AND SCANNED. ***WARNING: USE ONLY THE PRINTED ORIGINAL LABEL FOR SHIPPING. USING A PHOTOCOPY OF THIS LABEL FOR SHIPPING PURPOSES IS FRAUDULENT AND COULD RESULT IN ADDITIONAL BILLING CHARGES, ALONG WITH THE CANCELLATION OF YOUR FEDEX ACCOUNT NUMBER.

From:    Origin ID: ARGA   (888) 690 2882
SOP Processing Department
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

**FedEx** Express

**E**

C1805010721/23

Ship Date: 29MAR11
ActWgt: 1 LB
System#: 108202/FXRS0777
Account#: S 322544685

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

---

SHIP TO:    (914) 333 2785          **BILL THIRD PARTY**

**Hitachi America, Ltd.**
**Tillie Lim Esq.**
**50 Prospect Avenue**

**Tarrytown, NY 10591**



** 2DAY **                                          **THU**
                                                    Deliver By:
TRK#  **4683 1578 5062**   FORM       31MAR11
                           0201        **SWF**   A2

**10591**   -NY-US

**ST CTXA**



EXHIBIT A to NOTICE OF REMOVAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN LINGLE, MATTHEW WAGNER and GEORGE YAKOBIAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI HOME ELECTRONICS (AMERICA), INC., HITACHI AMERICA, LTD., and HITACHI LTD.,<br><br>Defendants. | CASE NO. 08 CV 1746 DMS (NLS)<br><br>The Honorable Dana M. Sabraw<br>Magistrate Judge Nita Stormes<br><br>[PROPOSED] ORDER ON CONSENT CONSOLIDATING ACTIONS AND APPROVING SELECTION OF LIAISON COUNSEL AND PLAINTIFFS' EXECUTIVE COUNSEL COMMITTEE |
| CRYSTAL MARKEE and STAN GOR, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI HOME ELECTRONICS (AMERICA), INC., HITACHI AMERICA, LTD., and HITACHI LTD.,<br><br>Defendants. | CASE NO. 08 CV 2314 DMS (NLS) |

EXHIBIT B to NOTICE OF REMOVAL

08cv1746

Having considered the Joint Motion re Consolidating Actions and Approving Selection of Liaison Counsel and Plaintiffs' Executive Counsel Committee, and good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

I.      <u>Consolidation</u>

A.      The above-captioned actions (the "Actions") are hereby consolidated into one action (hereinafter, the "Consolidated Action") for all pre-trial purposes, pursuant to Federal Rule of Civil Procedure 42.  This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

B.      The Court and parties consent to the transfer of Related Actions, as that term is defined in Section IV, to this Court pursuant to Local Rule 40.1.

C.      Subject to the denial of any request to consolidate pursuant to Section IV, this Order (the "Order") shall apply to the Consolidated Action and Related Actions.

II.      <u>Master Docket and Master Files</u>

A.      A Master File is hereby established for the Consolidated Action.  The Master File shall be 08cv1746.  The Clerk shall file all pleadings in the Master File and note such filings on a Master Docket.

B.      An original of this Order shall be filed by the Clerk in the Master File.

C.      The Clerk shall cause a copy of this Order to be served upon all counsel of record in the Consolidated Action.

D.      Except where indicated to the contrary below (or at the time of consolidation), the pleadings previously served and filed in *Lingle, et al. v. Hitachi Home Electronics (America), Inc., et al.*, shall serve as the pleadings in the Consolidated Action.

EXHIBIT B to NOTICE OF REMOVAL                    08cv1746

(1)    The answer filed in *Markee, et al. v. Hitachi Home Electronics (America), Inc., et al.*, on February 24, 2009, is hereby voided *nunc pro tunc*. Defendants shall not be required to respond separately to the Complaints filed in the *Markee* action or in any Related Action subsequently consolidated.

(2)    This Order, and the consolidation effectuated thereby, shall have no affect on the date of commencement of the Actions (or any Related Action which is consolidated in the future) for any purpose, including any applicable statute of limitation or other defense (e.g., no relation back by virtue of this Order).

E.    Any motion papers, discovery devices or proceedings, and Orders previously served or entered, whether by a party or by the Court, shall be deemed to have been made in the Consolidated Action.

III.    Caption of the Case

A.    Every pleading filed in the Consolidated Action shall have the following caption:

| | |
|---|---|
| IN RE HITACHI TELEVISION OPTICAL BLOCK CASES<br><br>This Document Relates To: | Master File No. 08cv1746 DMS NLS |

B.    When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable only to some, but not all, of such actions, the separate captions and docket number for each action to

which the pleading is intended to be applicable shall appear immediately after or below the words "This Document Relates To:" in the caption described above.

IV.    Newly-Filed or Transferred Actions

      A.    This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

      B.    Any proposed class action, filed in any United States District Court, against one or more of the defendants, alleging a defect in the optical block of Hitachi-brand LCD Rear Projection televisions shall be deemed a "Related Action." Each Related Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, or any provision of this Order, as provided for herein, by filing an application for relief which is granted. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred Related Action.

      C.    Any party may request transfer and/or consolidation of any other matter through any means authorized by the Federal Rules of Civil Procedure and/or Local Rules.

      D.    When a new case is consolidated with the Consolidated Action, the Clerk of this Court shall:

      (1)    File a copy of this Order in the separate file for such action;

      (2)    Serve a copy of this Order on the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

      (3)    Make the appropriate entry in the Master Docket for the Consolidated Action.

V.  Organization of Plaintiffs' Counsel and Appointment of Plaintiffs' Counsel Executive Committee, Chair, and Liaison Counsel

A.  The organizational structure of plaintiffs' counsel established in this Order shall bind all counsel in the Consolidated Action appearing on behalf of the plaintiffs, including any additional actions subsequently governed by this Order.

B.  The firms of Lax LLP, Milberg LLP, and Lange & Koncius, LLP, are hereby appointed to function as the Plaintiffs' Counsel Executive Committee (the "Executive Committee"). The Co-Chairs of the Executive Committee (the "Chairs") shall be Lax LLP and Milberg LLP. The Liaison Counsel of the Executive Committee shall be Lange & Koncius, LLP.

C.  With the approval of the Court, the Chairs and Liaison Counsel shall assume and exercise the following powers and responsibilities over the following matters on behalf of all plaintiffs in the Consolidated Action:

(1)  directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(2)  retaining experts;

(3)  communicating with the Court;

(4)  communicating with defense counsel;

(5)  conducting settlement negotiations;

(6)  collecting and reviewing time and expense records from all plaintiffs' counsel;

(7)  maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

(8)  coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers and discovery practice, and, generally, in the litigation.

EXHIBIT B to NOTICE OF REMOVAL

08cv1746

D. No motion shall be initiated or filed or discovery conducted or any other case activity taken on behalf of any plaintiff in the Consolidated Action except through the Chairs and Liaison Counsel.

E. All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to the Chairs and Liaison Counsel.

F. The Chairs and Liaison Counsel are appointed interim co-lead counsel and interim liaison counsel in the Consolidated Action.

G. With respect to Consolidated Action matters, defendants' counsel may rely upon all agreements with the Chairs or Liaison Counsel or any of them.

H. Counsel in any action that is consolidated with the Consolidated Action shall be bound by this organizational structure.

VI. **Service of Pleadings and other Parties by Defendants**

A. Service by the defendants on plaintiffs of any papers shall be deemed to be complete for all purposes when electronically filed pursuant to the ECF system. Counsel who wish to receive service copies shall register for such service. If any document is to be served outside the ECF system, service shall be complete upon service upon Liaison Counsel.

IT IS SO ORDERED.

Dated: ___ **10-20-09** ___     _____

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

October 20, 2009

Attention counsel and pro se litigants:

RE: 08cv2314-DMS-NLS Markee et al v. Hitachi Home Electronics (America), Inc et al

You are hereby notified that as of 10/20/09, case 08cv2314-DMS-NLS was consolidated with lead case 08cv1746-DMS (NLS). The new case number for the above case is 08cv1746-DMS (NLS). Please include the lead case number on all further filings.  ALL FURTHER DOCKETING WILL BE DONE IN THE LEAD CASE 08CV1746-DMS-NLS.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: s/L Odierno
Deputy Clerk

cc: Clerk
    Appropriate Courtroom Clerk
    Chambers

EXHIBIT B to NOTICE OF REMOVAL

Liza M. Walsh
Peter J. Pizzi
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217
*Attorneys for Defendants Hitachi Home Electronics*
*(America), Inc., Hitachi America, Ltd., and Hitachi, Ltd.*

| | |
|---|---|
| DONALD NOWITZKE, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>HITACHI HOME ELECTRONICS (AMERICA), INC.; HITACHI AMERICA, LTD.; and HITACHI LTD.,<br><br>           Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY Civil Action No. MID-L-1666-11<br><br>**NOTICE OF THE FILING OF A NOTICE OF REMOVAL OF THIS ACTION TO FEDERAL COURT** |

TO:    Clerk of Middlesex County
        Superior Court of New Jersey,
        Law Division
        56 Patterson Street, Box 964
        New Brunswick, NJ 08903-2633

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

Defendants Hitachi Home Electronics (America), Inc., Hitachi America, Ltd., and Hitachi, Ltd.

filed on the 27th day of April, 2011, a Notice of Removal of the above-captioned action in the

United States District Court for the District of New Jersey.

Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until

the case is remanded."

A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

EXHIBIT C to NOTICE OF REMOVAL

CONNELL FOLEY LLP
*Attorneys for Defendants Hitachi Home*
*Electronics (America), Inc., Hitachi*
*America, Ltd., and Hitachi, Ltd.*

Dated: April 27, 2011

By: _____
      Liza M. Walsh

Of Counsel:
Seth E. Pierce, Esq.
Mitchell Silberberg & Knupp LLP
11377 W. Olympic Boulevard
Los Angeles, CA 90064
Tel.: (310) 312-2000
Fax: (310) 312-3100

2

2519147-01

EXHIBIT C to NOTICE OF REMOVAL